UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN R. HEIN,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>           Defendant. | No. CV-08-3030-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS (**Ct. Rec. 20**) |

   BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on December 26, 2008.  (Ct. Rec. 20, 22).  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 10.)  After reviewing the administrative record and the briefs filed by the parties, the court **grants** Plaintiff's Motion for Summary Judgment (Ct. Rec. 20) and **denies** Defendant's Motion for Summary Judgment (Ct. Rec. 22.)

**JURISDICTION**

   Plaintiff protectively filed an application for SSI benefits on April 15, 2005, alleging onset as of September 10, 1983.  (Tr.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                                       - 1 -

16, 63.)  The application was denied initially and on reconsideration. (Tr. 47-48, 50-53.)  Administrative Law Judge (ALJ) James A. Burke scheduled a hearing on August 21, 2007. (Tr. 311-315.) Plaintiff, represented by counsel, his mother, Dawn Hein, and vocational expert Joseph Moisan appeared.  The ALJ took no testimony. He indicated an updated psychological evaluation was necessary before a determination could be made, and stated that after obtaining the report, "I'll likely reschedule the hearing." (Tr. 313-314.)  No further hearing was held.  On December 20, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 13-25.)  The Appeals Council denied a request for review on May 1, 2008. (Tr. 3-6.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on May 9, 2008. (Ct. Rec. 2,4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 21 years old at the time he filed his application for benefits. (Tr. 63.)  He has a high school education in the special education program. (Tr. 127.)  The ALJ found plaintiff has no significant past work experience. Plaintiff alleges disability due to attention deficit hyperactivity disorder (ADHD), depressive disorder nos, cognitive disorder nos, learning disorders for math and reading, explosive

behavior, and a history of oppositional defiant disorder. (Tr. 18, 291, 298.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental

impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the

determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS - 6 -

substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset, in this case, the application date of April 15, 2005. (Tr. 18.) At steps two and three, the ALJ found that plaintiff suffers from ADHA, an adjustment/depressive disorder, and cannabis-induced anxiety disorder, impairments that are severe but do not meet or medically equal a Listed impairment.[1] (Tr. 18-20.) The ALJ assessed plaintiff's RFC, which included only non-exertional limitations. (Tr. 21.) At step four, the ALJ concluded plaintiff has no

---

[1] In 1999, plaintiff's treating physician for medication management, John Wey, M.D., referred plaintiff to Philip Barnard, Ph.D., for neuropsychological testing. (Tr. 166; 248-253.) Dr. Whey adopted Dr. Barnard's finding that plaintiff exhibits an organic brain impairment due to fetal alcohol exposure. (Whey - *see e.g.*, Tr. 148-151, 154-155, 157-163.; Barnard - Tr. 248-249, 252. ) Dr. Barnard opined in July of 1999 that the impairment affects plaintiff's capabilities on a daily basis and contributes to learning problems, impulse control in judgment, and attention and concentration. (Tr. 252.)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS - 7 -

"significant past relevant work experience." (Tr. 23.)  At step five the ALJ relied on the Medical-Vocational guidelines as a framework and found plaintiff not disabled at step five. (Tr. 24-25.)

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law when he determined disability without providing the opportunity for a full and fair hearing.  Plaintiff also alleges the ALJ erred by relying on the Grids rather than a vocational expert's testimony at step five.  (Ct. Rec. 21 at 17-20.)

The Commissioner responds that the ALJ appropriately afforded plaintiff the opportunity to request a supplemental hearing, by written notice specifying how to request a hearing. The Commissioner argues plaintiff waived his right to a supplemental hearing by failing to request it. With respect to plaintiff's step five argument, the Commissioner argues that because the ALJ properly relied on the Grids, the step five finding is without error.  Accordingly, the Commissioner asks that the decision be affirmed. (Ct. Rec. 23 at 6-14.)  The first issue is dispositive.

## DISCUSSION

**A.   Waiver of claimant's right to hearing**

In social security proceedings, each claimant shall have an "opportunity for a hearing."  *See* 42 U.S.C. §§ 421(d); 405(b)(1); SSR 79-19.

As articulated in SSR 79-17,

> Social Security Regulations further provide that any party to a hearing has a right to appear, personally or by representative, and to present evidence or information directly regarding the hearing issue. The

> regulations also provide that these rights may be waived. The only current requirement for a valid waiver is that it be in writing.
>
> ... If, after such explanation [of the value of personal appearance at a hearing], the individual or the individual's authorized representative wishes to waive the right to personal appearance, he/she must sign a statement to that effect in accordance with the evidence requirements described below.  If such a statement has not been obtained although required, the presiding officer will request it.

SSR 79-19.

As noted, plaintiff contends that the ALJ erred when he filed an unfavorable decision without first rescheduling the hearing. The Commissioner answers that the ALJ wrote to plaintiff and his counsel, indicating they could send a written request for a supplemental hearing.  When plaintiff failed to make the request, the Commissioner argues, he waived his right. The record shows plaintiff did not sign a waiver of his right to a supplemental hearing. The record shows the ALJ as the presiding officer did not request a written waiver of the right to hearing.

The Commissioner fails to recognize that a claimant's waiver of the right to personally appear at a hearing must be in writing. S.S.R. 79-19.  Plaintiff did not file a written waiver of his right to hearing.

The record shows that at the first (and only) hearing, the ALJ stated at the onset a decision could not be made until plaintiff underwent an updated psychological evaluation.  The ALJ took no testimony and stated he would likely reschedule the hearing.  The ALJ failed to reschedule. Instead, he sent plaintiff and his counsel a copy of the updated evaluation by Emma Billings, Ph.D.  (Exhibit 13F at Tr. 298-308.)  Plaintiff's counsel, in

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                                    - 9 -

turn, sent the ALJ a letter on December 3, 2007, thanking him for the report and enclosing a copy of a report by vocational expert Roger Wentz (dated September 25, 2003) opining that a person with the limitations assessed by Dr. Billings would be unable to work. (Tr. 145-147.) The record reflects no further contact between the parties until the ALJ's decision.

In the court's view, these facts create error which is not harmless. Consequently, remand for further administrative proceedings is necessary. Additionally, the Appeals Council appears to have erred by stating, "[Mr. Wentz] was also unaware of your hearing testimony regarding your good adaptations made with treatment." (Tr. 4.) Since there is no hearing testimony by plaintiff, it is unclear what the Appeals Council refers to.

On remand the ALJ may wish to consider the effects of DAA pursuant to *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001), given the ALJ found plaintiff suffers from the severe impairment of cannabis-induced anxiety disorder. The ALJ notes plaintiff described to Dr. Billings "recent cannabis use history with arrest and incarceration, but that he was attending Narcotics and Alcoholics Anonymous four times a week." (Tr. 20.) In addition to cannabis-induced anxiety disorder, Dr. Billings assessed cannabis dependence in early partial remission. (Tr. 305.) Plaintiff's testimony with respect to DAA may be helpful.

On remand the ALJ may wish to utilize the services of a medical expert, a vocational expert, or both. At step four, if necessary, the ALJ will consider whether plaintiff has past relevant work. On January 13, 2006, plaintiff told Dr. Wey "he has now been employed for six months and really enjoys his job."

(Tr. 169.)  Dr. Billings notes plaintiff reported his longest job lasted nine months.  (Tr. 300.)

The court expresses no opinion as to what the ultimate outcome on remand will or should be.  The fact-finder is free to give whatever weight to the additional evidence is deemed appropriate.  *See Sample v. Schweiker*, 694 F. 2d 639, 642 (9th Cir. 1982) ("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is not free of legal error and must be reversed and remanded for further proceedings.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20)** is **GRANTED.**  The case is remanded for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 22)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 7th day of January, 2009.

<u>s/ James P. Hutton</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE